IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN GILLOCK, | ) | 4:16CV3190 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| SAUNDERS COUNTY, NEBRASKA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Three Defendants, Wauneta Kempf, Sarah Hopkins, and Tammy Keeler have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(4). Plaintiff acknowledges that the summonses served on these Defendants are deficient because they were not signed by the clerk and do not bear the court's seal, *see* Fed. R. Civ. P. 4(a)(1), but requests the court to defer ruling on Defendants' motion while he attempts re-service.

The moving Defendants were brought into this action on May 1, 2017, with the filing of an Amended Complaint (Filing No. 17). Plaintiff has 90 days after that date, or until July 31, 2017, to obtain service. *See* Fed. R. Civ. P. 4(m); *Lee v. Airgas Mid-S., Inc.*, 793 F.3d 894, 898 (8th Cir. 2015) (amended complaint initiates new timetable for service upon the added defendant).

Defendants' motion to dismiss was filed on June 15, 2017 (Filing No. 22). Plaintiff responded to the motion on June 29, 2017, and requested the court to "stay any ruling on the motion to dismiss and/or continue or stay the Motion to Dismiss to a later date should Plaintiff not be able to obtain service [upon Defendants]" (Filing No. 22). New summonses were issued on July 14, 2017 (Filing No. 29), but no proof of service has been filed yet.

Defendants' Rule 12(b)(4) motion is premature because the time limit for effecting service under Rule 4(m) has not expired. *See Pac. Pulp Molding, Inc. v. Burchfield*, No. 15-CV-1602-AJB-MDD, 2015 WL 12672701, at *8 (S.D. Cal. Sept. 28, 2015); *Smith v. Holiday Ret. Corp.*, No. CIV.A. 14-00333-KD-N, 2014 WL 4589807, at *2 (S.D. Ala. Sept. 11, 2014); *Colony Ins. Co. v. Ambling Mgmt. Co., LLC*, 965 F. Supp. 2d 783, 786 (S.D. Miss. 2013); *Yeboah v. Bank of New York Mellon*, No. 1:12-CV-02139-TWT, 2012 WL 4759246, at *3 n. 3 (N.D. Ga. Aug. 30, 2012), *report and recommendation adopted*, No. 1:12-CV-2139-TWT, 2012 WL 4759242 (N.D. Ga. Oct. 5, 2012); *Shields v. Boeing Co.*, No. C11-926Z, 2011 WL 2680506, at *1 (W.D. Wash. July 8, 2011); *Majewski v. Highland Bank & Granite*, No. CIV09-3063 (DWF/AJB), 2010 WL 681320, at *2 (D. Minn. Feb. 24, 2010); 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 1353 (3d ed. 2015) ("It is premature to make a motion challenging service until the plaintiff's time to effect service, as governed by Rule 4, has expired."). The motion to dismiss therefore will be denied without prejudice, as will Plaintiff's motion to stay.

IT IS ORDERED:

1. Defendants' motion to dismiss (Filing No. 22) is denied without prejudice.

2. Plaintiff's motion to stay (Filing No. 23) is denied without prejudice.

DATED this 26th day of July, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge